## UNITED STATES DISTRICT COURT
## THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KEYNETIK, INC., | NO. 2:17-cv-02794-JLL-JAD |
| Plaintiff/Counterclaim Defendant, | Hon. Jose L. Linares, U.S.D.J |
| v. | Hon. Judge Joseph A. Dickson, U.S.M.J. |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | **JOINT PROPOSED DISCOVERY PLAN** |
| Defendants/Counterclaim Plaintiffs. | Initial Conference: October 23, 2017 |

1.      For each party, set forth the name of the party, attorney appearing, the firm name, address, e-mail address, telephone number and facsimile number.

| **For Plaintiff:** | **For Defendants:** |
|---|---|
| Thomas S. Biemer, Esq. <br> Edward F. Behm, Jr., Esq. <br> DILWORTH PAXSON LLP <br> 457 Haddonfield Road, Suite 700 <br> Cherry Hill, NJ 08002 <br> Tel. (856) 675-1900 <br> Fax (856) 663-8855 <br> tbiemer@dilworthlaw.com <br> ebehm@dilworthlaw.com <br><br> John Higson, Esq. <br> Mark Halderman, Esq. <br> DILWORTH PAXSON, LLP <br> 1500 Market Street, Suite 3500E <br> Philadelphia, PA 19102 <br> Tel. (215) 575-7000 <br> Fax (215) 575-7200 <br> jhigson@dilworthlaw.com <br> mhalderman@dilworthlaw.com | Jin-Suk Park, Esq. <br> Patrick C. Reidy, Esq. <br> Matthew H. Horton, Esq. <br> ARNOLD & PORTER KAYE SCHOLER LLP <br> 601 Massachusetts Ave., NW <br> Washington, DC 20001-3743 <br> Tel. (202) 942-5000 <br> Fax (202) 942-5999 <br> jin.park@apks.com <br> patrick.reidy@apks.com <br> matthew.horton@apks.com <br><br> Ryan M. Nishimoto, Esq. <br> ARNOLD & PORTER KAYE SCHOLER LLP <br> 777 South Figueroa Street, 44th Floor <br> Los Angeles, CA 90017-5844 <br> Tel. (213) 243-4000 <br> Fax (213) 243-4199 <br> ryan.nishimoto@apks.com |

| | **For Defendants** (*con't*): |
| --- | --- |
| | Daniel Mateo, Esq.<br>REED SMITH LLP<br>*Formed in the State of Delaware*<br>Princeton Forrestal Village<br>136 Main Street, Suite 250<br>Princeton, New Jersey 08540<br>Tel. (609) 520-6030<br>Fax (609) 951-0824<br>dmateo@reedsmith.com |

2.    Set forth a brief description of the case, including the facts, causes of action and affirmative defenses asserted.

This is an action commenced by Keynetik, Inc. ("Plaintiff") against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., (collectively, the "Defendants") for infringement of Plaintiff's U.S. Patent Nos. 7,966,146 (the "'146 Patent") and 8,370,106 (the "'106 Patent") (collectively, the "Patents-in-Suit") (Counts 1 and 2).  By its Complaint, Plaintiff seeks an injunction, damages and attorneys' fees due to the exceptional nature of this case.

On August 8, 2017, Defendants filed an Answer to Plaintiff's Complaint and counterclaims.  In their Answer, Defendants assert the following defenses: (i) non-infringement of the '146 Patent, (ii) invalidity of the '146 Patent, (iii) non-infringement of the '106 Patent, (iv) invalidity of the '106 Patent, (v) limitation of liability for indirect infringement; (vi) prosecution history estoppel; (vii) various equitable defenses; (viii) damages limitations under 35 U.S.C. §287; (ix) no entitlement to injunctive relief; (x) costs limitations under 35 U.S.C. §288; (xi) no entitlement to a finding that the case is exceptional or to attorneys' fees; and (xii) a failure to state a claim.  Further, in their Answer, Defendants allege the following counterclaims: (i) declaratory judgment of non-infringement of the '146 Patent; (ii) declaratory judgment of non-infringement of the '106 Patent; (iii) declaratory judgment of invalidity of the '146 Patent; and (iv) declaratory judgment of invalidity of the '106 Patent.

3.    Have settlement discussions taken place? Yes _____ No _X___

a.  What was plaintiff's last demand?

i.  Monetary demand: $_____N/A_____

ii.  Non-monetary demand: _____N/A_____

b.  What was defendants' last offer?

i.  Monetary demand: $____N/A____

ii.  Non-monetary demand: _____N/A_____

4.     The parties [have __X__ have not _____] met pursuant to Fed. R. Civ. P. 26(f).

**Counsel for the parties met pursuant to Fed. R. Civ. P. 26(f) by telephone on October 9, 2017.**

5.     The parties [have _____have not __X__] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

**The deadline has been agreed upon below and the parties expect to complete disclosures on or before the date specified.**

6.     Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

**The parties do not anticipate any problems in connection with completing these disclosures. The parties further agree that the disclosures required by Fed. R. Civ. P. 26(a)(1) are also governed by L. Pat. R. 2.3 in this patent infringement case.**

7.     The parties [have _____ have not __X__] conducted discovery other than the above disclosures. If so, describe.

8.     Proposed joint discovery plan:

   a.  Discovery is needed on the following subjects:

   **Generally, the parties anticipate seeking discovery with respect to the following:**
   **1. Plaintiff's claims;**
   **2. Plaintiff's damages;**
   **3. Defendants' defenses; and**
   **4. Defendants' counterclaims.**

   b.  Discovery [should _____ should not __X__] be conducted in phases or be limited to particular issues. Explain.

   c.  Proposed schedule:

   **The parties' proposed discovery schedule is attached hereto as Exhibit 1.**

   d.  Discovery Limitations:

   **The parties agree that the following discovery limitations shall apply:**

   i.   Interrogatories:  Each side shall be permitted twenty-five (25) interrogatories.

   ii.  Requests for Admission:  Each side shall be permitted forty (40) requests for admission, except requests for admission directed to admissibility issues shall be unlimited.

   iii. Depositions:

      1) Party depositions:  Each side may take a maximum of 45 hours of oral deposition of the other side (including Rule 30(b)(6) and Rule 30(b)(1) depositions but excluding experts). A deposition of a witness will count for a minimum of 3 hours.

119810172_1

2) <u>Expert Depositions</u>:  Each side may take up to seven (7) hours of deposition testimony of each expert who submits a report in the case. If an expert submits a report on more than one issue (e.g., a single expert submits a report on both infringement and validity), the side on which the report was served may take an additional seven (7) hours for each additional issue.

3) <u>Inventor depositions</u>:  Separate from the other limitations in this section, Defendants are allowed up to  14 hours of deposition time for each named inventor of the patents-in-suit.

4) <u>Third party depositions</u>: Each side may take a maximum 28 hours of deposition time.

5) <u>Service of deposition notices</u>: The Parties agree that employees of the Parties may be served with deposition notices through the Party's counsel, rather than being served by a subpoena.  Notice of deposition of any party witnesses that resides in a foreign country must be served at least 30 days prior to any such deposition absent agreement of the witness to be deposed.

6) <u>Deposition Locations</u>:  Depositions of a Party witness shall be provided at the location of that Party's election.  Foreign witnesses shall be deposed in the city where they reside or have a principal place of employment.  Expert witnesses shall be made available for deposition within the United States.

7) Absent agreement of the Parties, the Parties agree to identify witnesses for each topic ten (10) days in advance of a Rule 30(b)(6) deposition, but at least fourteen days (14) days after a notice of deposition is served, whichever is later

9. Set forth any special discovery mechanism or procedure requested.

**Electronically Stored Information: The parties agree as follows regarding discovery of electronically stored information ("ESI"):**

*<u>GENERAL PROVISIONS</u>*

a. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata and shall not require production of ESI in native format absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production. In addition, metadata for ESI shall be preserved, and shall not be compromised.

b. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email production requests. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

4

*PRODUCTION OF ESI*

c. **General Document Image Format**: Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. Documents that do not convert readily to TIFF format, for example, spreadsheets, large scale drawings, multimedia files, large text files, etc., may be produced in native format. If a party produces PDF documents that meet the naming, unitization, and other requirements of this paragraph, the party is not obligated to separately produce single-page TIFF files.

d. **Text-Searchable Documents:** No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

   i. **Footer:** Each document image shall contain a footer with a sequentially ascending production number.

   ii. **Native Files:** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format for good cause, and upon receipt of such a request, the producing party shall produce the document in its native format, if it exits in its native format.

   iii. **No Backup Restoration Required:** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

   iv. **Voicemail and Mobile Devices:** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

*EMAIL KEYWORD SEARCHING*

e. E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures and a specific identification of the five most significant listed e-mail custodians in view of the pleaded claims and defenses. Each requesting party may also propound up to five written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

f. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production

119810172_1

requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

g. Each requesting party shall limit its e-mail production requests to a total of seven search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

## MISCELLANEOUS PROVISIONS

h. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

i. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

j. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

k. The Parties, by entering into this Stipulation, do not waive, and hereby expressly reserve, all rights to seek or oppose cost shifting pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure.

10.   Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes ___X__ No_____.  If so, please explain.

**Videotape depositions may be necessary given that Defendants have facilities and employees located in South Korea.**

11.   Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

**Yes, and the parties will confer on such matter as the case progresses.**

12.   State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise).

If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

**The parties do not believe this case is appropriate for voluntary arbitration. However, mediation may be appropriate, and the parties will confer to discuss the appropriateness and potential timing of mediation as the case progresses.**

13.    Is this case appropriate for bifurcation? Yes _____ No __X__

**To the extent the Local Patent Rules effectively bifurcate the issues in this case, such bifurcation is appropriate.**

14.    We [do__ do not__X__] consent to the trial being conducted by a Magistrate Judge.

15.    Identify any other issues to address at the Rule 16 Scheduling Conference.

**The parties are unaware of any such issues at this time.**

7

Respectfully submitted,

| | |
|---|---|
| */s/ Edward F. Behm* | */s/ Daniel Mateo* |

Thomas S. Biemer, Esq.
Edward F. Behm, Jr., Esq.
DILWORTH PAXSON LLP
457 Haddonfield Road, Suite 700
Cherry Hill, NJ 08002
Tel. ( (856) 675-1900
Fax (856) 663-8855
tbiemer@dilworthlaw.com
ebehm@dilworthlaw.com

John Higson, Esq.
Mark Halderman, Esq.
DILWORTH PAXSON, LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Tel. (215) 575-7000
Fax (215) 575-7200
jhigson@dilworthlaw.com
mhalderman@dilworthlaw.com

*Counsel for Plaintiff*

Jin-Suk Park, Esq.
Patrick C. Reidy, Esq.
Matthew H. Horton, Esq.
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel. (202) 942-5000
Fax (202) 942-5999
jin.park@apks.com
patrick.reidy@apks.com
matthew.horton@apks.com

Ryan M. Nishimoto, Esq.
ARNOLD & PORTER
KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel. (213) 243-4000
Fax (213) 243-4199
ryan.nishimoto@apks.com

Daniel Mateo, Esq.
REED SMITH LLP
Formed in the State of Delaware
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Tel. (609) 520-6030
Fax (609) 951-0824
dmateo@reedsmith.com

*Counsel for Defendants*

# EXHIBIT 1

## Proposed Schedule

| Item No. | Event | Proposed Date | Reference |
|---|---|---|---|
| 1. | Submit Joint Discovery Plan to Court in Advance of Upcoming Scheduling Conference | 10/20/17 | L.P.R. 2.1 |
| 2. | Initial Rule 16 Scheduling Conference before the Hon. Joseph A. Dickson, U.S.M.J., Courtroom MLK 2D | 10/23/17 | F.RC.P. 16 |
| 3. | Fed. R. Civ. P. 26(a)(1) Initial Disclosures | 10/30/17 | F.RC.P. 26 |
| 4. | Disclosure of Asserted Claims and Infringement Contentions and Accompanying Document Production | 12/8/17 | L.P.R. 3.1-3.2 |
| 5. | Deadline to Amend Pleadings and Add Additional Parties | 12/27/17 | |
| 6. | Service of Initial Written Discovery | 1/10/18 | |
| 7. | Non-Infringement Contentions and Accompanying Document Production | 2/23/18 | L.P.R. 3.2A |
| 8. | Invalidity Contentions and Accompanying Document Production | 2/23/18 | L.P.R. 3.3-3.4 |
| 9. | Responses to Invalidity Contentions and Accompanying Document Production | 3/26/18 | L.P.R. 3.4A |
| 10. | Plaintiff to Narrow Asserted Claims to No More Than Ten (10) Claims Per Patent | 3/26/18 | |
| 11. | Exchange of Proposed Terms for Construction | 4/9/18 | L.P.R. 4.1(a) |
| 12. | Exchange of Preliminary Claim Constructions and Intrinsic/Extrinsic Evidence | 4/30/18 | L.P.R. 4.2(a)-(b) |
| 13. | Exchange of Identification of Intrinsic and Extrinsic Evidence In Opposition To Other Party's Proposed Constructions | 5/14/18 | L.P.R. 4.2(c) |
| 14. | File Joint Claim Construction and Prehearing Statement | 5/30/18 | L.P.R. 4.3 |
| 15. | Completion of Claim Construction Discovery other than Experts. | 6/29/18 | L.P.R. 4.4 |
| 16. | File Opening Markman Submissions | 7/16/18 | L.P.R. 4.5(a) |
| 17. | Conclude Markman Expert Discovery | 8/15/18 | L.P.R. 4.5(b) |
| 18. | File Responsive Markman Submissions | 9/14/18 | L.P.R. 4.5(c) |
| 19. | File a Proposed Schedule for Claim Construction Hearing | 9/28/18 | L.P.R. 4.6 |
| 20. | Submit Tutorials | 10/10/18 | |
| 21. | Serve Advice of Counsel Defense Disclosures and Accompanying Document Production | 30 days after Markman Order | |
| 22. | Close of Fact Discovery | 90 days after Claim Construction Order | |
| 23. | Plaintiff to Further Narrow Asserted Claims to No More Than Five (5) Claims Per Patent | 90 days after Claim Construction Order | |

| Item No. | Event | Proposed Date | Reference |
|---|---|---|---|
| 24. | Opening Expert Reports by Party Bearing Burden | 45 days after Close of Fact Discovery | |
| 25. | Rebuttal Expert Reports | 30 days after Opening Reports | |
| 26. | Close of Expert Discovery | 30 days after Rebuttal reports | |
| 27. | Deadline to File Dispositive Motions | 60 days after Close of Expert Discovery | |
| 28. | Trial | TBD - Jury Trial | |