UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEYNETIK, INC.,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants/Counterclaim Plaintiffs. | NO. 2:17-cv-02794-JLL-JAD<br><br>Hon. Jose L. Linares, U.S.D.J<br>Hon. Judge Joseph A. Dickson, U.S.M.J. |

## STIPULATED PROTECTIVE ORDER

Pursuant to the stipulation and agreement by and between KEYnetik, Inc., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (the "Parties"), by their undersigned attorneys, the terms and conditions of this Stipulated Protective Order (the "Order") shall govern the handling of all information in whatever form exchanged by the Parties, it is hereby ORDERED as follows:

1. This Order shall apply to and govern the handling of all documents, answers to interrogatories, responses to requests for admission, deposition testimony, exhibits, affidavits, briefs, reports and all other information, including all copies, transcripts, excerpts, compilations, abstracts and summaries thereof (collectively "Material") disclosed by any party or a third party in connection with discovery or otherwise in the above-captioned action (the "Action").

2. Any Party or third-party may designate as "CONFIDENTIAL" any Material it produces, discloses, or files during or in the course of discovery or other proceedings in this Action which it (the "Producing Party") in good faith believes contains sensitive commercial, financial, or business information that is not publicly known or that the Producing Party would not normally reveal to third parties or would require third parties to maintain in confidence; and may designate as "ATTORNEY'S EYES ONLY" any such material that it deems extraordinarily sensitive, including but

not limited to documents relating to trade secrets or other proprietary business, financial or personal information, its current and future business plans, and the way it does business. To the extent Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the Producing Party may designate such Material as "RESTRICTED CONFIDENTIAL SOURCE CODE." The Material so designated shall also render as CONFIDENTIAL, ATTORNEY'S EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE, as applicable, any copies, excerpts, summaries or other disclosure of the substance or contents of such Material (collectively, "DESIGNATED MATERIAL").

3. DESIGNATED MATERIAL shall be used by the recipient thereof (the "Receiving Party") only for purposes of this Action (including appeals) and not for any business, commercial or competitive purpose, or any other purpose whatsoever, and shall not be disclosed, made available or communicated in any way to any persons or entities other than as provided in paragraphs 4, 5, and 6 below.

4. Information designated as CONFIDENTIAL may, for purposes of this Action, be disclosed only to the following:

(a) Outside counsel of record for the Parties in this Action, including partners, associates, and other employees of outside litigation counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(b) In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, and employees assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) Up to two (2) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either Party may in good faith request the other Party's consent to designate one or more additional representative, the other Party shall not unreasonably withhold consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent. Before access is given, each designated representative must completed the form attached as Exhibit A hereto and the same served upon the Producing Party with a detailed description of the daily job-related tasks

of the designated representative at least ten (10) days to that designated representative, to allow the Producing Party to notify the Receiving Party in writing that it objects to disclosure of Protected Material to the designated representative within ten (10) calendar days;

(d) Outside consulting and trial experts retained by counsel for the purposes of this litigation, provided that (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) prior to disclosure, such persons sign a confidentiality undertaking in the form attached hereto as Exhibit A; and (3) the person is not a competitor of the Producing Party or a director, officer, shareholder, employee or consultant of the Receiving Party or of a competitor of the Producing Party;

(e) Employees of the Producing Party who produced the Material and who are entitled to see the information as part of the scope of their employment duties, as well as the supervisors of such employees, and those individuals reflected as having seen or authored the Material;

(f) Outside photocopy, imaging, database, graphics, e-discovery and design services retained by the persons listed in (a) above, to the extent necessary to assist such counsel in this litigation;

(g) Court reporters and videographers employed in connection with this Action; and

(h) The Court and its personnel.

5. Information designated as ATTORNEY'S EYES ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE may be disclosed only to the persons listed in paragraphs 4(a) and 4(d)-(h).

6. For information designated as RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a) Access to a Producing Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to a printer solely for the limited purposes permitted pursuant to paragraph 6(h). Additionally, the stand-alone computer(s) may only be located at the offices of the Producing Party's outside counsel unless otherwise agreed to by the Parties. The Receiving Party shall maintain a log of all persons accessing the Source Code Material on behalf of a Receiving Party. The Producing Party shall have the right to confirm the identify of persons accessing such Source Code Material by inspecting and photocopying government-issued photo identification for inclusion in such log and shall separately have a reasonable right of inspection to ensure that no one

inspecting Source Code Material is permitted in the secure facility while in possession of any electronic device or device capable of receiving, recording, or retransmitting any electronic signals;

(b) The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m., Monday - Friday, excluding federal holidays. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s). During the review, the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Receiving Party is prohibited from bringing into the room with the stand-alone computer(s) outside electronic devices that may be used to electronically copy information from a stand-alone computer, including but not limited to thumb drives, hard drives, tape drives, modems, modem cards, floppy drives, zip drives, or other similar hardware. Nor shall any cellular telephones, smartphones, personal digital assistants (PDAs), Blackberries, iPhones, cameras, voice recorders, Dictaphones, or other devices be permitted inside the secure room. Laptop computers shall otherwise be permitted inside the standalone computer room, so long as any cameras and ports in said devices are disabled. The Receiving Party is permitted to take written notes during the review but may not copy any portion of the source code into its notes beyond page and file citations. If available, the Producing Party shall provide a separate nearby breakout room with internet access for the Receiving Party's use during source code review, provided that the Receiving Party abides by the conditions set forth in this paragraph above;

(d) The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above so that the Receiving Party may print selected portions of the Source Code Materials at its discretion, subject to the restrictions provided herein. The Source Code shall be made available for inspection in native format. The Receiving Party may request installation of review software on the stand-alone computer(s), and the Producing Party's consent shall not be unreasonably withheld so long as the Receiving Party provides a valid license to the software requested. The Producing Party shall have the right to object to software applications that are deemed unsecure by the Producing Party. The Producing Party shall not videotape or otherwise record the review of code by the Receiving Party; the Producing Party

may, however, allow a person to monitor the review to ensure compliance with the provisions of this Order, so long as the monitoring does not involve any attempt to discern the substance of the Receiving Party's review;

(e) Access to Protected Material designated RESTRICTED CONFIDENTIAL -SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court (electronically or hard copy), filed under seal in accordance with the Court's rules, procedures and orders;

(f) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g) No electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h) Except as provided herein, no person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code Material. The Receiving Party may copy limited portions of the Source Code Material when reasonably necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). The Producing Party shall Bates number, copy, and label "RESTRICTED CONFIDENTIAL SOURCE CODE" any pages printed by the Receiving Party. Counsel for the Receiving Party may request up to 3 copies of each original printout of source code. The Receiving Party shall print only such limited portions of the Source Code Materials and shall not request paper copies for the purpose of reviewing source code. In no event may the Receiving Party print more than 30 consecutive pages, or have in print more than 250 pages of the total source code (not including copies of original printouts) for each software release (or in the case of hardware source code, for any accused hardware product) at any one time without prior written approval of the Producing Party and which approval shall not be unreasonably denied. Upon the Receiving Party's printing any such portions of source code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy and label "RESTRICTED CONFIDENTIAL SOURCE CODE" any pages printed by the Receiving Party, and return them to the

Receiving Party within five (5) business days of printing unless objected to. If the Producing Party objects based on a good-faith belief that the printed portions are not reasonably necessary to any case preparation activity as described above, the Producing Party shall make such objection known to the Receiving Party within four (4) business days of the printing of any such portions by the Receiving Party. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether or not the printed source code in restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(i) If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition). Source Code Material, whatever form, including as an excerpt or in notes, shall not be transmitted (*e.g.*, by email) or taken outside the territorial United States or be made the subject of a "deemed" export within the meaning of US export control laws, without the express prior written consent of the Producing Party.

7. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is technical in nature and designated ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns of the substance of, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not participate in any Prosecution Activity (as defined below) involving any claim on a method, apparatus, or system directed to the technology of the patents-in-suit during the pendency of this Action and for one (1) year after its conclusion, including any appeals. "Prosecution Activity" shall mean: (a) preparing, prosecuting, supervising, or assisting (for any person or entity) in the preparation or prosecution of any patent application before the United States Patent and Trademark Office (including but not limited to *inter partes* review or

6

reexamination), including the drafting of claims pertaining to the technology of the patents-in-suit; (b) participating or assisting in the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, pertaining to the technology of the patents-in-suit on behalf of the Plaintiff or its acquirer, successor, predecessor, or other affiliate; or (c) advising, consulting, or participating in the drafting or amending of claims or arguing for the patentability of amended or newly drafted substitute claims. This patent prosecution bar does not prevent an attorney that receives HIGHLY SENSITIVE MATERIAL from representing the Receiving Party in any post-grant review proceeding involving the patents-in-suit, such as reexamination, *inter partes* review, or covered business method review proceedings, provided, however, that such attorney does not participate in any way in the drafting or amending of any patent claims..

8. Signed copies of all confidentiality undertakings executed pursuant to any provision of this Order shall be maintained by counsel for each Party who obtained those undertakings.

9. This Order shall not preclude counsel for the Parties from using any DESIGNATED MATERIAL during any deposition in the Action in accordance with the terms hereof, including the limitations set forth in Paragraphs 4, 5, and 6.

10. If depositions in this action involve DESIGNATED MATERIAL, the portions of such depositions involving such DESIGNATED MATERIAL shall be taken with no one present during those portions of the examination relating in any way to such DESIGNATED MATERIAL except the deponent and the persons, attorneys, or experts permitted access pursuant to Paragraph 4, 5, or 6, as applicable, and the court reporter.

11. The parties shall designate DESIGNATED MATERIAL as follows:

    (a) In the case of documents, interrogatory responses, and responses to requests for admission, the Producing Party shall make designations by placing an appropriate legend or designation on each page of any such document prior to production.

    (b) In the case of depositions, designation of any portions of the transcript (including exhibits) shall be made either orally at the deposition or by giving written notice of such designation within thirty (30) business days, via email, facsimile, or overnight Federal Express, after the designating party receives a copy of the

transcript. During the period of time between the taking of the deposition and the end of the thirty business day period referred to above, all transcripts, exhibits and the information contained therein shall be deemed to be ATTORNEY'S EYES ONLY in their entirety under the terms of this Order. If the designation is made during the deposition, the court reporter recording such deposition shall bind the transcript in separate portions containing the non-confidential, CONFIDENTIAL, ATTORNEY'S EYES ONLY, and RESTRICTED CONFIDENTIAL SOURCE CODE material, and the reporter shall place an appropriate legend on the cover of each portion of the transcript. If the designation is made during the thirty business days period referred to above, the non-confidential portions of such depositions shall be segregated from the other portions of the transcripts and an appropriate legend shall be placed on the cover of each portion of the transcript.

12. No party shall seek to introduce or file DESIGNATED MATERIAL, or any documents containing DESIGNATED MATERIAL or confidential information contained within DESIGNATED MATERIAL, in the public record of the Court without requesting that such material be treated in accordance with the terms of this Order and Local Civil Rule 5.3. All DESIGNATED MATERIAL that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any DESIGNATED MATERIAL, shall be subject of an appropriate motion to seal and filed under seal until further Order of the Court. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

13. In the proposed pretrial conference order, the Parties shall propose procedures reasonably necessary to maintain the CONFIDENTIAL, ATTORNEY'S EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE status of any DESIGNATED MATERIAL to be used at trial.

14. A Party may designate any materials produced or given by any third party to the Action, or any portion thereof, as CONFIDENTIAL, ATTORNEY'S EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE Material subject to this Order. Such designation shall be made by notifying all counsel in writing of such materials which are to be designated and treated as such within thirty (30) business days after actual receipt of copies of such materials by counsel for the Party asserting confidentiality thereof. All documents, information, or materials produced by a third party to the Action shall be treated as ATTORNEY'S EYES ONLY under this Order pending such notice of designation by a

Party or the expiration of the aforesaid thirty-business-day period or agreement of the parties to the contrary.

15. A Party may also designate material produced by itself or another Party as CONFIDENTIAL, ATTORNEY'S EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE subsequent to production. However, said designation after the initial production of material (other than in a case of depositions), shall have no *ex post facto* effect and the Parties who received material not designated as CONFIDENTIAL, ATTORNEY'S EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE shall have no liability for or with respect to any pre-designation dissemination of the Material. Upon request by the initial discloser, the Parties who made pre-designation disclosures shall use reasonable efforts to identify recipients of such Materials and to have any recipients of such Materials not authorized to receive the same pursuant to Paragraphs 4, 5, or 6 of this Order return such Materials to counsel.

16. The restrictions set forth in this Order shall not apply to information acquired on a non-confidential basis by the Receiving Party from a third party having the right to publicly disclose such information or material, or which becomes publicly known after the date of its transmission to the Receiving Party, provided that such information does not become known by any act or omissions of the Receiving Party, its employees or agents, which would be in violation of this Order. This Order also shall not apply to any information that: (a) is available to the public, other than through a breach of this Order or other duty of confidentiality; or (b) a Receiving Party can demonstrate was already known to that Party prior to the time of disclosure and was not subject to conditions of confidentiality.

17. The Parties and others subject to this Order agree to negotiate in good faith regarding the designation of Material as CONFIDENTIAL, ATTORNEY'S EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE. In the event that a Party objects to the designation of Material, such Party shall notify the designating Party of this belief in writing via email or overnight Federal Express addressed to counsel for the designating Party. The designating Party, within ten (10) business days of delivery of the notification referred to above, shall advise, via email or overnight Federal Express,

whether it will consent to remove the objected to designation. If the designating Party does not consent to remove the designation within the ten-business-day period, a challenging Party may, at any time prior to trial, present the dispute to the Court in accordance with Local Civil Rule 37.1(a)(1) for a determination that the Material is wrongly designated, with the party asserting the claim of confidentiality having the burden of proof. All DESIGNATED MATERIAL shall be treated in accordance with the designation unless and until the Court orders otherwise, or the designating Party consents.

18. A Party who receives a subpoena or other request for production or disclosure of DESIGNATED MATERIAL from any third party shall not disclose any DESIGNATED MATERIAL in response thereto without first providing written notice to the designating Party. The designating Party shall have ten (10) business days to take such action as it deems appropriate to protect the confidential status of the DESIGNATED MATERIAL, including filing any necessary motions. If the designating Party files a motion for a protective order, the Receiving Party shall make no disclosure while the motion is pending.

19. Within sixty (60) days after the termination of this Action, including any appeals, counsel shall (i) destroy all Material designated by opposing counsel as CONFIDENTIAL, ATTORNEY'S EYES ONLY, and RESTRICTED CONFIDENTIAL SOURCE CODE, all copies thereof and all documents that contain such information and shall provide written certification of such destruction to the Producing Party, or (ii) return all such DESIGNATED MATERIAL to counsel for the Producing Party, except that to the extent such DESIGNATED MATERIAL is in electronic form which cannot be deleted, such DESIGNATED MATERIAL shall be maintained under the requirements of this Agreement. The Court shall retain jurisdiction over all persons subject to this Order for the limited purpose of enforcing such return and the continuing obligation of confidentiality imposed by this Order. Each Party's trial counsel shall have the right to retain documents constituting work product, a copy of the pleadings, deposition transcripts and deposition or trial exhibits.

20. The inadvertent production of any DESIGNATED MATERIAL during discovery in this Action shall be without prejudice to any claim that such material is privileged or protected from discovery

as work product within the meaning of Rule 26 of the Federal Rules of Civil Procedure and no party shall be held to have waived any rights by such inadvertent production. Any DESIGNATED MATERIAL so produced and subject to a claim of privilege or a claim of work product subsequently made shall immediately be returned to the Producing Party and/or expunged and in either event such material shall not be introduced into evidence in this proceeding or any other proceeding by any person without the consent of the Producing Party or by Order of the Court.

21. The production of DESIGNATED MATERIAL pursuant to this Order shall in no way constitute (a) a waiver of any right to object to the production or use of the same materials on other grounds; or (b) a general or limited waiver of the attorney-client, joint defense, work product or other privilege or legal protection. By signing this Order, a Party is not deemed to waive any objection to the production of any material. In addition, the election by any Party to disclose any portion of its confidential material to others shall itself not be deemed a waiver of any of the rights established by this Order.

22. Entering into this Order, producing or receiving documents, information or materials designated under this Order, not objecting to any designation under this Order, or otherwise complying with the terms of this Order shall not:

> (a) operate as an admission by any Party that any particular document, information or material designated under this Order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;
>
> (b) waive or prejudice in any way the rights of any Party to object to the production of documents, information or materials they consider not subject to discovery or to seek discovery regarding any documents, information or materials subject to this Order; waive or prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, information, materials, testimony or other evidence that is subject to this Order;
>
> (c) waive or prejudice in any way the rights of any Party to seek a determination by the Court whether any document, information or material should be subject to the terms of this Order;

    (d) waive or prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly confidential information;

    (e) waive or prejudice in any way the rights of any Party to comment on this Action, so long as such comment does not reveal or disclose any document, information or materials in violation of this Order.

23. This Order has no effect upon, and shall not apply to, a Party's use of its own Materials for any purpose.

24. Nothing contained herein shall preclude any attorney from advising his or her client concerning the merits of the action so long as DESIGNATED MATERIAL of the other Party is not disclosed in violation of this Order.

25. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's DESIGNATED MATERIAL pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

26. Any non-party to this Action who shall make discovery or provide deposition or other testimony in this Action pursuant to subpoena or by agreement shall be entitled to avail itself of the provisions and protection of this Order.

27. Upon execution hereof, the Parties agree to be bound to the terms herein, and even before this Order is approved by the Court, it shall be effective as if approved.

28. This Order shall remain in full force and effect after the termination of this litigation, or until cancelled or otherwise modified by order of this Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Edward F. Behm* | */s/ Daniel Mateo* |
| Thomas S. Biemer, Esq. | Jin-Suk Park, Esq. |
| Edward F. Behm, Jr., Esq. | Patrick C. Reidy, Esq. |
| DILWORTH PAXSON LLP | Matthew H. Horton, Esq. |
| 457 Haddonfield Road, Suite 700 | ARNOLD & PORTER KAYE SCHOLER LLP |
| Cherry Hill, NJ 08002 | 601 Massachusetts Ave., NW |
| Tel. ( (856) 675-1900 | Washington, DC 20001-3743 |
| Fax (856) 663-8855 | Tel. (202) 942-5000 |
| tbiemer@dilworthlaw.com | Fax (202) 942-5999 |
| ebehm@dilworthlaw.com | |
| | Ryan M. Nishimoto, Esq. |
| | ARNOLD & PORTER KAYE SCHOLER LLP |
| John Higson, Esq. | 777 South Figueroa Street, 44th Floor |
| Mark Halderman, Esq. | Los Angeles, CA 90017-5844 |
| DILWORTH PAXSON, LLP | Ryan.Nishimoto@apks.com |
| 1500 Market Street, Suite 3500E | Tel. (213) 243-4000 |
| Philadelphia, PA 19102 | Fax (213) 243-4199 |
| Tel. (215) 575-7000 | |
| Fax (215) 575-7200 | Daniel Mateo, Esq. |
| jhigson@dilworthlaw.com | REED SMITH LLP |
| mhalderman@dilworthlaw.com | Formed in the State of Delaware |
| | Princeton Forrestal Village |
| | 136 Main Street, Suite 250 |
| *Counsel for Plaintiff* | Princeton, New Jersey 08540 |
| | Tel. (609) 520-6030 |
| | Fax (609) 951-0824 |
| | dmateo@reedsmith.com |
| | |
| | *Counsel for Defendants* |

**APPROVED AND SO ORDERED.**

Dated: November ___, 2017

**Hon. Joseph A. Dickson**
**United States Magistrate Judge**

13